{¶ 16} The applicable policy issued by American Motorists Insurance Company ("AMICO") specifically extends uninsured/underinsured motorist coverage to "only autos you own." Because it is undisputed that appellant, Diane Intihar ("Intihar"), did not own the auto at the time of the accident — in fact, it was titled in her husband's name — I respectfully dissent from the majority and would affirm the trial court's judgment granting summary judgment to AMICO.
 {¶ 17} The majority correctly points out Intihar is an "insured" as she is an employee of the insured and the "you" language pursuant to "Who is an Insured" in AMICO's UM/UIM policy, under the holding ofScott-Pontzer v. Liberty Fire Mut. Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292, covers the insured's employees. Erroneously, however, the majority ends its inquiry by simply determining that Intihar is an "insured." Intihar's "insured" status does not automatically extend UM/UIM coverage to her where coverage is otherwise specifically excluded or limited pursuant to the policy. Here, uninsured/underinsured motorist coverage extends to covered insureds, such as Intihar, for "covered `autos'" only. Such "covered `autos'" are those defined as "only `autos' you own" in AMICO's UM/UIM policy. This language cannot be ignored despite the majority's assertion that it has exercised a "complete analysis." As conceded by Intihar, the language in the policy extends uninsured/underinsured motorist coverage only to autos you own. (See appellant's brief, pp. 4 and 6.) Because it is undisputed that Intihar was not driving an auto that she owned at the time of the accident, uninsured/underinsured motorist coverage does not extend to Intihar, even though she is included as an "insured." See The Cincinnati Ins. Co. v.Perkins, Pauling App. No. 11-03-04, 2003-Ohio-3586 (holding that under similar policy language appellant was not entitled to UM/UIM coverage where the vehicle driven by appellant at the time of the accident was owned by her father, which did not qualify as a "covered `auto'"). Thus, I would affirm the trial court's judgment granting summary judgment to AMICO.